1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  KYLE F. WALDINGER (ILBN 6238304)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, 11th Floor
6      San Francisco, California 94102
       Telephone: (415) 436-6830
7      Facsimile: (415) 436-7234
       E-mail: kyle.waldinger@usdoj.gov
8
   Attorneys for Plaintiff
9

10                        UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12                              SAN FRANCISCO DIVISION

13 UNITED STATES OF AMERICA,        )   No. CR 07-0337 MHP
                                    )
14      Plaintiff,                  )
                                    )   JOINT MOTION AND REQUEST TO
15      v.                          )   CONVERT SENTENCING HEARING TO
                                    )   STATUS HEARING AND [PROPOSED]
16 JACQUELINE FROEHLICH-            )   ORDER
   L'HEUREAUX,                      )
17                                  )
        Defendant.                  )
18 _____ )

19       Pursuant to Criminal Local Rule 32-2, the United States and the defendant Jacqueline

20 Froehlich-L'Heureaux jointly request that the sentencing hearing presently set for May 23, 2011,

21 be converted to a status hearing.

22       The defendant Jacqueline Froehlich-L'Heureaux previously pled guilty pursuant to a plea

23 agreement in which she agreed to cooperate with the United States in its investigation and

24 prosecution of other individuals.  It is now anticipated that Ms. Froehlich-L'Heureaux will testify

25 at the trial of the defendant David Nosal in United States v. David Nosal, CR 08-0237 MHP.

26 The Nosal case is currently on appeal before the Ninth Circuit.  Regardless of the Ninth Circuit's

27 disposition of the United States' appeal in the Nosal matter, at least some charges alleged in the

28 Nosal Indictment will proceed to trial, and Ms. Froehlich-L'Heureaux will testify at that trial.

JOINT MTN. & [PROPOSED] ORDER
CR 07-0337 MHP

Because Ms. Froehlich-L'Heureaux's cooperation with the government's investigation and prosecution of other individuals is not yet complete, the parties jointly request that the Court convert the scheduled sentencing date of May 23, 2011, to a status hearing. The specific bases of the parties' request are set out in more detail below.

I.  **Delaying Sentencing In This Matter Will Benefit The United States And Will Potentially Benefit The Defendant.**

A defendant who requests a continuance of her sentencing hearing should be able to demonstrate that the government either desires or can benefit from her cooperation. *Cf. United States v. Urben-Potratz*, 470 F.3d 740, 744 (8th Cir. 2006) (affirming denial of defendant's motion for continuance where defendant's additional cooperation would have required DEA to arrange an operation and approve defendant's participation in it and DEA "had already denied one such request").

In the present matter, Ms. Froehlich-L'Heureaux is cooperating with the government, and has been doing so since 2007. In the past, Ms. Froehlich-L'Heureaux has participated in meetings with government investigators regarding the facts and circumstances of the conspiracy charged in the Nosal case. It is anticipated that she will participate in additional meetings once the Nosal matter is set for trial. Ms. Froehlich-L'Heureaux's further cooperation in this case does not require special arrangements, but rather only the defendant's testimony in the trial of her co-conspirator Nosal.

In addition, Ms. Froehlich-L'Heureaux's active cooperation, through testimony against her co-conspirator Nosal, may significantly alter the United States' recommendation (if any) as to an appropriate sentencing reduction by enhancing the value of the defendant's cooperation "in the investigation or prosecution of another person who has committed an offense." United States Sentencing Commission, Guidelines Manual § 5K1.1, p.s., comment. (n.3).

Finally, because Ms. Froehlich-L'Heureaux will be required to testify at trial, her cooperation with the government's investigation is not yet complete. Pursuant to the terms of her plea agreement, Ms. Froehlich-L'Heureaux has agreed to request continuances of her sentencing date until her cooperation is completed. *See* Plea Agrm., ¶ 9.e. Indeed, the parties' agreement

JOINT MTN. & [PROPOSED] ORDER
CR 07-0337 MHP                    -2-

anticipated that sentencing in this case would not proceed until Ms. Froehlich-L'Heureaux's cooperation was complete.

**II.     Neither The Defendant Nor the Government Will Suffer Inconvenience.**

Neither the government nor the defendant will suffer inconvenience by converting the sentencing hearing to a status hearing. While the parties acknowledge that inconvenience to the Court or witnesses may be an important factor in a consideration of whether to continue a trial, it is less important in the case of a short hearing where no witnesses are called and where re-calendaring may be accomplished easily. *United States v. Flynt*, 756 F.2d 1352, 1360 (9th Cir. 1985) (contempt hearing); *see also United States v. Rivera-Guerrero*, 426 F.3d 1130, 1141 (9th Cir. 2005) (hearing regarding anti-psychotic drug administration).

In fact, courts routinely grant requests to continue sentencing hearings for the purpose of cooperation. *See United States v. Ressam*, 629 F.3d 793, 811 & n.2 (9th Cir. 2010) (referencing multiple sentencing continuances to allow for cooperation with the government, including a nine-month continuance "to allow Ressam 'the opportunity to fulfill the terms of his promised cooperation'"); *United States v. Myers*, 993 F.2d 713, 714 (9th Cir. 1993) (referencing "many" continuances of defendants' sentencing hearing for purpose of substantial assistance).

In this case, a sentencing continuance should not present substantial inconvenience to the Court or to third parties and will not inconvenience the government or the defendant, and its timing can easily be assessed based on the progression of the government's case against David Nosal. Converting the sentencing hearing to a status hearing will also provide the Probation Office with additional time to complete the presentence report in this (and related) cases, and will allow the parties to maintain their focus on Ms. Froehlich-L'Heureaux's continuing cooperation.

**III.    Conclusion.**

For all of these reasons, the parties jointly request that this Court convert the sentencing

///

///

///

///

hearing presently set for May 23, 2011, to a status hearing.

Respectfully submitted,

Dated: April 26, 2011          MELINDA HAAG
                               United States Attorney


                               _____/s/_____
                               KYLE F. WALDINGER
                               Assistant United States Attorney


Dated: April 26, 2011          Leland B. Altschuler /s/
                               Digitally signed by Leland B. Altschuler
                               DN: cn=Leland B. Altschuler, o=Law Office of Leland B.
                               Altschuler, ou, email=Lee@AltschulerLaw.com, c=US
                               Date: 2011.04.26 15:40:10 -07'00'
                               LELAND ALTSCHULER
                               Attorney for defendant Jacqueline Froehlich-
                               L'Heureaux

## [PROPOSED] O R D E R

GOOD CAUSE APPEARING,

IT IS ORDERED that the sentencing hearing presently set for May 23, 2011, be converted to a status hearing.

Dated this  28th day April, 2011

IT IS SO ORDERED

HONORABLE [signature] PATEL
UNITED STATES DISTRICT JUDGE
Judge Marilyn H. Patel

JOINT MTN. & [PROPOSED] ORDER
CR 07-0337 MHP                        -4-